NOWELL AMOROSO KLEIN BIERMAN, P.A.      Hearing Date: May 13, 2009
Attorneys for Loco Realty Corp.,     Hearing Time: 9:30 a.m.
Debtor and Debtor-in-Possession
155 Polifly Road
Hackensack, New Jersey 07601
(201) 343-5001
David Edelberg, Esq. (DE-6258)
Rick A. Steinberg, Esq. (RS-7396)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                  :
In re:                             :     Chapter 11
                                  :
LOCO REALTY CORP.,           :     Case No. 09-11785 (AJG)
                                  :
             Debtor.          :
_____:

**THE DEBTOR'S OBJECTION TO JPMORGAN CHASE BANK'S MOTION TO DISMISS OR CONVERT THE CHAPTER 11 CASE, PURSUANT TO 11 U.S.C. § 1112(b); OR, TO ABSTAIN FROM PRESIDING OVER THE CHAPTER 11 CASE, <u>PURSUANT TO 11 U.S.C. § 305(a)</u>**

TO:     THE HONORABLE ARTHUR J. GONZALEZ,
          UNITED STATES BANKRUPTCY JUDGE

**INTRODUCTION**

        1.       Loco Realty Corp., the Debtor and Debtor-in-possession (the "Debtor"), in the above-captioned Chapter 11 Case (the "Chapter 11 Case"), through its attorneys, Nowell Amoroso Klein Bierman, P.A., hereby objects to the motion of JPMorgan Chase Bank, N.A., as successor to Washington Mutual Bank (the "Bank") for an order to dismiss or convert the Chapter 11 Case for cause; or, to abstain from hearing the Chapter 11 Case (the "Motion").

        2.       The Motion should be denied because the Debtor intends to reorganize and there is a reasonable possibility that the Debtor will emerge from bankruptcy. Thus, cause does not

1

exist for dismissal or conversion of the Chapter 11 Case under Section 1112(b)(1) of title 11 of the United States Code (the "Bankruptcy Code").

3. In addition, the Court should not abstain from hearing the Chapter 11 Case, because it would not be in the best interest of this voluntary Debtor or its creditors to abstain. Therefore, the Motion should be denied in its entirety.

## BACKGROUND

4. The Debtor is the owner of certain real property located at 1645 Grand Avenue, Bronx, New York 10453 (the "Property"). The Property consists of a 45-unit multifamily apartment building, with a retail grocery store on the street level.

5. In approximately September, 2008, the Debtor began experiencing financial problems. Due to a decrease in rental income and unanticipated repair expenses, the Debtor fell behind on its mortgage payments.

6. On January 13, 2009, the Bank initiated a foreclosure action in the Supreme Court of the State of New York, County of Bronx (the "State Court").

7. On or about February 23, 2009, the State Court entered an Order Appointing Temporary Receiver in Mortgage Foreclosure Action (the "Receiver"). The Receiver did not take possession of the Property.

8. On April 3, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court and an order for relief under section 301 of the Bankruptcy Code was entered in the Chapter 11 Case.

9. Since the Petition Date, the Debtor has been authorized to remain in possession of its property and to continue in the operation and management of its business as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10. Neither an examiner, trustee nor committee of unsecured creditors has been appointed in the Chapter 11 Case.

11. The Debtor has complied with all U.S. Trustee requests and requirements, including provision of proof of insurance and proof of establishment of a DIP bank account.

12. On April 6, 2009, the Debtor filed motions: (i) to deem utilities adequately assured of payment; and, (ii) to authorize the Debtor to use the Bank's cash collateral in the form of rents derived from the Property. The motions were both returnable on April 22, 2009.

13. On April 22, the Court granted the Debtor's motion to deem utilities adequately assured of payment. Moreover, as to the cash collateral motion, the Debtor and the Bank agreed on the record to the Debtor's interim use of rents derived from the Property, *inter alia*.

14. Pursuant to such agreement, the Debtor has: (i) remitted the April payment of $10,000 to the Bank; (ii) provided the Bank with a list of receipts and disbursements; and (iii) provided the Bank with proof of insurance on the Property.

15. On April 20, 2009, the Bank filed the instant Motion, alleging that the Chapter 11 Case was filed in bad faith. *See* the Motion at Page 6. Further, the Bank argues in the Motion that it would be in the best interests of creditors and the Debtor for the Court to abstain. *See* the Motion at Page 13.

16. On May 8, 2009, the Debtor filed its Plan of Reorganization (the "Plan").

17. Pursuant to the Plan, the Debtor will pay the Bank the value of its secured claim over time, with interest. The Bank will retain its mortgage lien on the Debtor's real property. The unsecured portion of the Bank's claim will be paid *pro rata* with other unsecured creditors.

18. The Plan also separately classifies the secured claim of the New York City Water Board the secured, mechanic's lien claim of Advantage Wholesale Supply.

19. In addition, pursuant to the Plan, the Debtor's principal will contribute $50,000 new value to help fund the Plan.

20. Thus, the Debtor has a reasonable possibility of confirming and consummating the Plan within a reasonable amount of time. Therefore, under applicable law, cause does not exist for dismissal or conversion.

## **THE BANK HAS NOT SHOWN CAUSE FOR DISMISSAL OR CONVERSION**

21. The Motion should be denied, because the Bank has not shown cause for dismissal or conversion of the Chapter 11 Case, because the Chapter 11 Case was filed in good faith.

22. Bankruptcy Code Section 1112(b)(1) states in pertinent part that:

> on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

23. Bankruptcy Code Section 1112(b)(4) states numerous factors to establish "cause" for conversion or dismissal. The Bank does not point to any one of the factors listed in Section 1112(b)(4) in the Motion, obviously because none of the factors apply to the Chapter 11 Case. Rather, the Bank claims an alleged lack of good faith by the Debtor in filing the Chapter 11

4

Case. *See* the Motion at Page 6, citing C-TC 9th Avenue Partnership v. Norton Company (In re C-TC 9th Avenue Partnership), 113 F.3d 1304 (2d Cir. 1997).

24. Contrary to the Bank's assertions in the Motion, the Debtor filed the Chapter 11 Case in good faith because, on the filing date, there was a reasonable likelihood that the Debtor could reorganize and a reasonable possibility that the Debtor would emerge from bankruptcy. In re 68 West 127 Street, LLC, 285 B.R. 838, 846 (Bankr. S.D.N.Y. 2002).

25. In 68 West 127 Street, LLC, the court stated that "[t]he critical test of a debtor's bad faith remains whether on the filing date there was no reasonable likelihood that the debtor intended to reorganize and whether there is no reasonable possibility that the debtor will emerge from bankruptcy." 285 B.R. at 846, citing C-TC 9th Avenue Partnership and Baker v. Latham Sparrowbush Associates (In re Cohoes Industrial Terminal, Inc.), 931 F.2d 222 (2d Cir. 1991).

26. In 68 West 127 Street, LLC, the debtor filed its Chapter 11 petition on the morning of the day that its only asset, an empty, derelict residential building in Harlem, was scheduled to be sold at judicial foreclosure. 285 B.R. at 839.

27. The Bank of New York ("BONY") moved for relief from the automatic stay in order to resume its foreclosure sale in regard to its first mortgage on the building. Id. at 840. BONY contended that it was entitled to relief from the automatic stay for cause under Bankruptcy Code Section 362(d)(1), because the debtor filed its chapter 11 petition in bad faith. 285 B.R. at 839.

28. The court in 68 West 127 Street, LLC cautioned that the C-TC 9th Avenue Partnership bad faith factors are not to be applied mechanically. 285 B.R. at 844. Indeed, the

mechanical approach would automatically doom almost every single asset case, *ab initio*. Id., citing In re Willows of Coventry Ltd. Partnership, 154 B.R. 959, 967 (Bankr. N.D. Ind. 1993).

29. "Lists of such factors, then, ultimately do no more than assist the court in the exercise of its discretion in deciding when a debtor has improperly invoked the Bankruptcy Code, or is improperly hiding behind the automatic stay to speculate with the creditor's collateral, because it is not able, or not trying, to confirm a chapter 11 plan." 285 B.R. at 844.

30. In 68 West 127 Street, LLC, the court stated that:

> [t]hus, in evaluating a debtor's good faith, the court's only inquiry is to determine whether the debtor seeks to abuse the bankruptcy law by employing it for a purpose for which it was not intended. When a debtor is motivated by plausible, legitimate reorganization (or liquidation) purposes and not solely or predominantly by the mere desire to prevent foreclosure or hinder creditors, bad faith is not present in a chapter 11 case.

Id. Further, resort to bankruptcy to stave off foreclosure is consistent with bankruptcy's goals of preserving going concern and maximizing value. 285 B.R. at 845.

31. Thus, in 68 West 127 Street, LLC, the court found that the debtor established that it was using the Bankruptcy Code for the valid purpose of confirming a Chapter 11 plan and that there was a reasonable possibility of a successful reorganization within a reasonable time. 285 B.R. at 843, citing C-TC 9th Avenue Partnership, 113 F.3d at 1310 (finding bad faith when it is clear that, from the date of the filing, the debtor has no reasonable probability of emerging from the bankruptcy proceedings and no realistic chance of reorganizing). Therefore, Judge Drain denied BONY's motion for stay relief for cause. 285 B.R. at 840.

32. In 68 West 127 Street, LLC, the court stated that the relevant factors indicating a debtor's bad faith in the context of a motion for stay relief for cause under Section 362(d)(1) are

substantively the same as in the context of a motion to dismiss a chapter 11 case for cause under Section 1112(b). 285 B.R. at 843, citing In re AMC Realty Corp., 270 B.R. 132, 141 (Bankr. S.D.N.Y. 2001), citing In re 234-6 West 22nd St. Corp., 214 B.R. 751, 757 (Bankr. S.D.N.Y. 1997) (Chief Judge Brozman).

33. Thus, the holding of 68 West 127 Street, LLC applies to the Bank's Motion to dismiss the Debtor's Chapter 11 Case for cause as an alleged bad faith filing under Bankruptcy Code Section 1112(b)(1).

34. In 68 West 127 Street, LLC, the court also stated that the Debtor earned the right to at least make a case for confirmation of its plan. 285 B.R. at 848. Judge Drain stated that the valuation underlying the Debtor's plan was credible, as was the assumption that the Debtor's principals would contribute the contemplated new value. Id.

35. Likewise, in the case *sub judice*, since the Debtor has filed the "new value" Plan, which can be confirmed within a reasonable period of time, cause does not exist for dismissal under Bankruptcy Code Section 1112(b) and the Bank's Motion should be denied.

## THE COURT SHOULD NOT ABSTAIN FROM HEARING THE CHAPTER 11 CASE

36. The Bank also argues in the Motion that the Court should abstain from hearing the Chapter 11 Case, arguing that it would be in the best interests of creditors and the Debtor to do so. *See* the Motion at Page 13.

37. Bankruptcy Code Section 305(a) states in pertinent part that "[t]he court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—(1) the interests of creditors and the debtor would be better served by such dismissal or suspension …." (emphasis added).

38. Obviously, since the Debtor filed its voluntary Chapter 11 Case, the Debtor does not agree that it would be in its best interest for this Court to dismiss or suspend the Chapter 11 Case. Therefore, the test under Bankruptcy Code Section 305(a) has not been met. *See* Hartigan v. Pine Lake Village Apartment Co. (In re Pine Lake Village Apartment Co.), 16 B.R. 750 (Bankr. S.D.N.Y. 1982).

39. In Pine Lake Village Apartment Co., *supra*, the sole mortgagee of the debtor's garden apartments complex moved pursuant to Bankruptcy Code Section 305(a) to dismiss the debtor's voluntary Chapter 11 petition. 16 B.R. at 751. The mortgagee also sought to condition the debtor's use of rents collected from the premises on the ground that such funds constituted cash collateral for which adequate protection was required. Id.

40. The mortgagee argued that the debtor had but one secured creditor and that the debtor admittedly had no equity in its principal asset. 16 B.R. at 754. Therefore, the mortgagee argued that the bankruptcy court should not permit its jurisdiction to be invoked for the sole purpose of staying the mortgagee from foreclosing upon the debtor's single asset in which there was no equity. Id.

41. The court opined that, if it were to apply Bankruptcy Code Section 305 at the outset of every case that met this description, most Chapter 11 cases would disappear under the "magic wand" of abstention. 16 B.R. at 754. Foreclosure and liquidation would replace the automatic stay. Id.

42. The Pine Lake Village Apartment Co. court concluded that it would be hard pressed to conclude that a dismissal of the case would serve the interests of the debtor as well as those of the mortgagee. 16 B.R. at 753. The court also opined that abstention under Bankruptcy

8

Code Section 305(a) is more appropriate for involuntary bankruptcy cases than voluntary cases. Id.

43. The Pine Lake Village Apartment Co. court stated that "[i]t defies credulity to say that the debtor's interest would be better served by a dismissal when the debtor voluntarily sought the mechanics of Chapter 11 for the purpose of rehabilitation and a fresh start." 16 B.R. at 753.

44. Therefore, the Pine Lake Village Apartment Co. court denied the mortgagee's motion to dismiss the debtor's case under Bankruptcy Code Section 305(a). Id. at 757. Further, the court denied the mortgagee's request to prevent the debtor from using cash collateral, except that the debtor was directed to structure and submit a proposal as to the manner in which it would apply the funds, providing for minimum repairs to the subject real property. Id.

45. As in Pine Lake Village Apartment Co., this Chapter 11 Case is voluntary. Likewise, the Debtor is willing to use the Bank's cash collateral in the form of rents for the limited purpose of maintaining the Property, including making repairs.

46. As in Pine Lake Village Apartment Co., it would not be in the best interest of the Debtor for this Court to abstain. Therefore, the test for abstention has not been met. Thus, the Motion for abstention should be denied.

## **DISCOVERY IS INCOMPLETE**

47. The Motion should also be denied because the Debtor and the Bank are still in the midst of discovery regarding numerous issues surrounding the Property and the relationship between the Debtor, the Bank, the Receiver and tenants of the Property.

48. On April 23, 2009, the Debtor served a Request for Production of Documents on

the Bank. To date, the Bank has not responded to the Debtor's request for production of documents.

49. Therefore, the Motion should be denied, because the Debtor has not yet had an opportunity to obtain necessary discovery from the Bank regarding the Property and other issues.

## **CONCLUSION**

50. Based on the foregoing, the Debtor submits that the Bank has not shown cause for conversion or dismissal, because the Chapter 11 Case was filed in good faith. Further, it would not be in the best interest of the Debtor and its creditors for the Court to abstain from hearing the Chapter 11 Case. In addition, the Bank has not yet responded to the Debtor's discovery requests. Therefore, the Motion should be denied.

WHEREFORE, the Debtor respectfully requests that the Motion be denied.

Dated: Hackensack, New Jersey
May 8, 2009

                            NOWELL AMOROSO KLEIN BIERMAN, P.A.
                            Attorneys for Loco Realty Corp.,
                            Debtor and Debtor-in-possession

                By:   /s/ Rick A. Steinberg
                         RICK A. STEINBERG

G:\wp\WPDATA\CLIENT FILES\L Files\Loco Realty\Pleadings\dismissal motion response.doc